**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GREGORY ROBINSON, # 1924476,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 3:15-CV-3821-D-BK** |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Div.,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this federal petition for writ of

habeas corpus under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate

Judge.  For the reasons that follow, it is recommended that the petition be dismissed for failure to

exhaust state court remedies.

**I. BACKGROUND**

On April 16, 2014, Petitioner was convicted of burglary of a building and sentenced to 10

years' confinement, pursuant to a plea agreement.  *State v. Robinson*, No. F13-34479 (265th

Judicial District Court, Dallas County 2014), *aff'd*, No. 05-14-00521-CR, 2015 WL 1650062

(Tex. App. – Dallas, Apr. 13, 2015, no pet.).  On the same day, he pled guilty to two other

charges of burglary of a building and two charges of engaging in organized criminal activity, for

which he was sentenced to concurrent sentences of 10 years' confinement.  *State v. Robinson*,

No. F13-61587 (265th Judicial District Court, Dallas County 2014) (burglary of a building);

*State v. Robinson*, No. F13-6950 (265th Jud. Dist. Ct., Dallas Cty. 2014) (same); *State v.*

*Robinson*, No. F13-61947 (265th Judicial District Court, Dallas County 2014) (engaging in

organized criminal activity); *State v. Robinson*, No. F13-61951 (265th Judicial District Court,

Dallas County 2014) (same).[1]  In the case sub judice, Petitioner challenges all five convictions.

Petitioner did not directly appeal the four latter convictions, and the Texas Court of Criminal Appeals (TCCA) subsequently denied and/or dismissed his state habeas applications as to all five convictions.  *See Ex parte Robinson*, No. WR-71,546-03 (Tex. Crim. App.  Feb. 25, 2015) (dismissing W13-34479(A) because of pending direct appeal); *Ex parte Robinson*, No. WR-71,546-04 (Tex. Crim. App.  Feb. 25, 2015) (denying W13-61587(A)); *Ex parte Robinson*, No. WR-71,546-05 (Tex. Crim. App.  Feb. 25, 2015) (denying W13-61947(A)); *Ex parte Robinson*, No. WR-71,546-06 (Tex. Crim. App.  Feb. 25, 2015) (denying W13-61950(A)); *Ex parte Robinson*, No. WR-71,546-07 (Tex. Crim. App.  Aug. 19, 2015) (dismissing as successive W13-61587(B)); *Ex parte Robinson*, No. WR-71,546-08 (Tex. Crim. App. Mar. 23, 2016) (dismissing as successive W13-61587(C)); *Ex parte Robinson*, No. WR-71,546-09 (Tex. Crim. App. Mar. 23, 2016) (dismissing as successive W13-61947(B)); *Ex parte Robinson*, No. WR-71,546-10 (Tex. Crim. App.  Mar. 23, 2016) (dismissing as successive W13-61950(B)); *Ex parte Robinson*, No. WR71,546-11 (Tex. Crim. App. Mar. 23, 2016) (denying W13-61951(A)).[2]

On November 30, 2016, Petitioner filed in this Court a habeas corpus petition seeking state habeas relief under art. 11.07, Texas Code of Criminal Procedure, instead of submitting a petition on the appropriate federal form.  Doc. 3 at 1.  Subsequently, in response to this Court's deficiency order seeking clarification, Petitioner filed a federal habeas petition challenging his five 2014 convictions.  Doc. 5 at 2.  He asserted various claims of ineffective assistance of counsel and prosecutorial misconduct.  Doc. 5 at 6-7.  As his federal petition appeared untimely

---

[1] The trial court's docket sheets are available at http://courtecom.dallascounty.org/pav/.

[2] The TCCA's docket sheets are available at http://www.search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c (search by Petitioner's name or case number)

filed and procedurally barred in part, the Court directed Petitioner to respond regarding the application of the one-year limitations period and procedural default.  Doc. 8; Doc. 9.

## II. ANALYSIS

### A.  Unexhausted – Dallas County No. F13-34479

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims.  28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005).  The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S. 509, 518 (1982).  Exhaustion of state-court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)).  A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure.  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Petitioner has not satisfied the exhaustion requirement as to Dallas County No. F13-34479.  As noted *supra*, his state habeas application was dismissed on February 25, 2015, because his direct criminal appeal was pending, *see Ex parte Robinson*, No. WR-71,546-03 (Tex. Crim. App.  Feb. 25, 2015) (dismissing W13-34479(A) because of pending appeal),[3] and Petitioner has not filed a new state habeas application challenging that conviction.[4]  Thus, the

---

[3] Available online at http://www.search.txcourts.gov/Case.aspx?cn=WR-71,546-03&coa=coscca.
[4] Available online at http://courtecom.dallascounty.org/pav/.

Court of Criminal Appeals has not had an opportunity to consider Petitioner's claims and they remain unexhausted.[5]

### B.  Time Barred – Dallas County Nos. F13-61947, F13-61950, F13-61951

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*.  *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-329 (5th Cir. 1999).

As to his claims related his convictions in the above-referenced cases, Petitioner's federal petition was filed well beyond the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").  Since Petitioner did not pursue direct appeals, his convictions in Dallas County Nos. F13-61947, F13-61950, and F13-61951 became final by May 16, 2014 -- thirty days after the April 16, 2014 judgments.  *See* TEX. R. APP. P. 26.2(a)(1).

Thus, as of the filing of his state habeas applications (on October 29, 2014 in Dallas County No. F13-61947, and on December 15, 2014 in Dallas County No. F13-61950), 166 and 213 days of the one-year limitations period had elapsed respectively.[6]  Petitioner's state applications remained pending until their denial on February 25, 2015, statutorily tolling the one-

---

[5] Petitioner is cautioned that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court.

[6] The state applications are deemed filed when Petitioner signed them and likely also handed them to prison officials for mailing.  *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (holding prison mailbox rule applies to state habeas application).  The docket sheets for the state habeas applications in Nos. W13-61950(A) and W13-61947(A) are available online at http://courtecom.dallascounty.org/pav/.

year limitations period.  *See* 28 U.S.C. § 2244(d)(2) (statutory tolling available during pendency of properly filed state application).  The one-year limitations period resumed running the next day, February 26, 2015, and expired 152 and 199 days later (on July 28, 2015 and September 13, 2015, respectively), long before Petitioner filed his federal petition on November 16, 2015.

Petitioner did not file a state habeas application with respect to Cause No. F13-61951 until January 13, 2016.  *See Ex parte Robinson*, No. WR71,546-11 (Tex. Crim. App. Mar. 23, 2016) (denying W13-61951(A)).  Therefore, in that case, the one-year period began running on May 17, 2014, and elapsed on May 16, 2015.  Petitioner is not entitled to statutory tolling during the pendency of that state habeas application because it was filed long after the one-year period expired.  28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).[7]

Additionally, subsections (B) through (D) of section 2244(d)(1) are inapplicable. Petitioner alleges no state-created impediment that prevented timely filing of his claims, does not base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his conviction became final. Consequently, the federal petition is clearly outside the one-year statute of limitations with respect to Cause Nos. F13-61947, F13-61950, and F13-61951 absent equitable tolling.

*Equitable Tolling*

Petitioner appears to request equitable tolling in response to the Court's questionnaire, but not in response to the order requiring him to respond regarding the limitations period. *Compare* Doc. 15 at 1-2 and Doc. 11 at 1-2.  Nevertheless, his filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and

---

[7] Even if the state application in No. W13-61951(A) is deemed filed on November 16, 2015, the date on which Petitioner signed it and presumably handed it to prison officials for mailing, the limitations analysis remains the same.  The docket sheet for the state habeas application in Cause No. W13-61951(A) is available at http://courtecom.dallascounty.org/pav/.

exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").

Petitioner delayed filing his state applications in Dallas County Nos. F13-61947 and F13-61950 until five to seven months after his convictions became final. Following the denial of those applications, Petitioner did not promptly file his federal petition, waiting instead more than eight months to do so. In addition, Petitioner waited over 20 months from the date his conviction became final until he filed his the state application in Dallas County No. F13-6951. Clearly these unexplained delays do not exemplify due diligence.

Moreover, neither Petitioner's pro se status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (per curiam) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling).

In response to this Court's order and questionnaire, Petitioner contends that his trial and appellate counsel rendered ineffective assistance. Doc. 15 at 1-2; Doc. 11 at 1-2. However, his conclusory claims are insufficient to establish any circumstance that prevented the timely filing

of his federal petition.  *Holland v. Florida*, 560 U.S. at 631, 649 (2010).  Moreover, such claims

have no bearing on the issue of equitable tolling since the alleged ineffective assistance occurred

long before the one-year limitations period elapsed.  *See e.g. Molo v. Johnson*, 207 F.3d 773, 775

(5th Cir. 2000) (ineffective assistance of counsel on appeal is not relevant to equitable tolling).

Furthermore, Petitioner does not premise his claims of ineffective assistance of counsel on any

misrepresentation or misinformation received from counsel that contributed to the lapse of the

one-year statute of limitations.  *Cf. United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002)

(attorney's misrepresentations may be grounds for equitable tolling); *Vineyard v. Dretke*, 125 F.

App'x 551, 553 (5th Cir. 2005) (per curiam) (equitable tolling is warranted when an attorney

affirmatively misinforms his client and causes him to miss the limitations period).

Accordingly, the Court concludes that Petitioner has not carried his burden to establish

that equitable tolling is warranted in this case.  *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th

Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

Consequently, the federal petition should be dismissed with prejudice as time barred as to Dallas

County Nos. F13-61947, F13-61950, and F13-61951.

### C.  <u>Procedurally Barred -- No. F13-61587</u>

A habeas corpus petition under 28 U.S.C. § 2254 is subject to summary dismissal if it

appears from the face of the petition that the petitioner is not entitled to relief.  *See* Rule 4 of the

Rules Governing Section 2254 Cases in the United States District Courts (providing for

summary dismissal of habeas petition).

The TCCA dismissed Petitioner's third state habeas application in Dallas County No.

F13-61587 – in which he raised for the first time the claims at issue in this federal petition – as

an abuse of the writ, citing Texas Code of Criminal Procedure Article 11.07, Section 4.  *See Ex*

*parte Robinson*, No. WR-71,546-08 (Tex. Crim. App. Mar. 23, 2016) (dismissing as abuse of

writ W13-61587(C)).[8]  The United States Court of Appeals for the Fifth Circuit has "held that,

since 1994, the Texas abuse of the writ doctrine has been consistently applied as a procedural

bar, and that it is an independent and adequate state ground for the purpose of imposing a

procedural bar."  *Hughes v. Quarterman*, 530 F.3d 336, 342 (5th Cir. 2008).  Petitioner's failure

to present his claims in the first state habeas application constitutes a procedural default that bars

this Court from considering his claims.  *Id.* (finding claim raised for the first time in a successive

application and dismissed for abuse of the writ procedurally barred).   Moreover, Petitioner has

not alleged, much less shown cause for the default and actual prejudice, or that a fundamental

miscarriage of justice would occur if the Court were to refuse to consider his claims.  *See*

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *modified by Martinez v. Ryan*, --- U.S. ---, 132

S. Ct. 1309 (2012).   Indeed, in answer to the Court's questionnaire, Petitioner only complains of

ineffective assistance of counsel at trial and on direct appeal, which, as mentioned previously,

has no bearing on his post-conviction habeas filings.  Doc. 11 at 1-2.  Consequently, Petitioner's

claims regarding Cause No. F13-61587 should be dismissed with prejudice as procedurally

barred.[9]

---

[8] The TCCA's docket sheet is available at http://www.search.txcourts.gov/Case.aspx?cn=WR-71,546-08&coa=coscca, and the trial court's docket sheet is available at http://courtecom.dallascounty.org/pav/.

[9] Courts can raise procedural bars *sua sponte* but only after giving the petitioner an opportunity to respond.  *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998).  Here, the Court's questionnaire provided Petitioner adequate notice and an opportunity to respond.  Doc. 11 at 1. Petitioner will also have a chance to oppose the procedural default ruling during the 14-day period for filing objections to the findings, conclusions and recommendation.  *See Maguoirk*, 144 F.3d at 359 (magistrate judge's finding and recommendation provided habeas petitioner reasonable opportunity to oppose application of the procedural default doctrine).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended (1) that the petition for writ of habeas be

**DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies as to Cause

No. F13-34479, (2) that it be **DISMISSED WITH PREJUDICE** as barred by the one-year

statute of limitations as to Cause Nos. F13-61947, F13-61950, and F13-61951, and (3) that it be

**DISMISSED WITH PREJUDICE** as procedurally barred as to Cause No. F13-61587.  As no

other claims will remain pending, this case should then be **CLOSED**.

SIGNED April 6, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE